Goldsmith & Hull A.P.C.
William I. Goldsmith (SBN 82183)
16933 Parthenia Street Suite 110
Northridge, CA 91343
Tel: (818) 990-6600
Fax: (818) 990-6140
Govdept1@goldsmithcalaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV13-04571 R (JEMx) |
| Plaintiff, | **SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW** |
| vs. | |
| BERNICE WILLIAMS HICKS AKA BERNICE A. WILLIAMS, | Date: March 3, 2014<br>Time: 10:00 AM<br>Courtroom: 8 |
| Defendant | |

Plaintiff's Motion For Summary Judgment was heard on March 3, 2014, before the Honorable: Manuel L. Real, United States District Judge, and the court having considered the evidence being fully advised in the premises, makes the following Statement of Uncontroverted Facts and Conclusion of Law.

///

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSION OF LAW
- 1

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS

1. Defendant, BERNICE WILLIAMS HICKS AKA BERNICE A. WILLIAMS, is a resident of the County of Los Angeles, State of California, and within the jurisdiction of this Court.

2. Plaintiff, UNITED STATES OF AMERICA, is a sovereign.

3. Defendant executed promissory notes as follows:

| Date (on or about) | Executed Amount |
|---|---|
| August, 15, 1989 | $2,663.00 |
| August 15, 1989 | $2,625.00 |
| Total | 5,288.00 |

Both of the aforementioned notes were in favor of Bank of America, Pasadena, California. Funds in these amounts were disbursed either to Defendant or the schools she was attending for the benefit of the defendant, BERNICE WILLIAMS HICKS AKA BERNICE A. WILLIAMS.

4. These loans were guaranteed by a state or private non-profit guarantee agency, and were reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682).

5. The debtor defaulted on the balance owed on the notes. The lender declared the notes in default and assigned them to the United States on behalf of the United States Department of Education, who now brings this action.

6. Interest continues to accrue on the unpaid principal balances at variable rate of interest established annually by the Department of Education. Since assignment of the loans, the Department of Education credited at total of $0.00 from all sources.

7. The amount owing on the defaulted notes as of January 14, 2011 is the principal amount of:

    a. [a] $3,049.92 plus interest accrued from the default to 1/14/11, in the sum of $5,502.89 with further interest at the rate 3.54% per annum accruing at $0.30 per day until entry of judgment; with interest thereafter at the legal rate; [c] plus costs/administrative fees of $459.00; [d] plus attorney's fees of $5,232.97.

    b. [a] $2,803.93 plus interest accrued from the default to 1/14/11, in the sum of $4,191.99 at the rate 3.42% per annum accruing at $0.26 per day until entry of judgment; with interest thereafter at the legal rate; [c] plus costs/administrative fees of $459.00 (said above); [d] plus attorney's fees of $5,232.97 (said above).

8. Pursuant to P.L. 102-26, the Higher Education Technical Amendments of 1991, which was signed by the President on April 9, 1991, Section 3 of this new law eliminates any statute of limitations that has applied to suits brought to collect delinquent student loans made or insured under the Higher Education Act of 1965, as amended (HEA). Due to the above-mentioned amendments, defendant's outstanding student loan was sued within the applicable statute of limitations.

9. Any Conclusion of Law deemed to be a Finding of Fact is hereby incorporated into these Findings of Fact.

## CONCLUSION OF LAW

1. Any Finding of Fact deemed to be a Conclusion of Law is hereby incorporated into these Conclusions of Law.

2. This Court has jurisdiction over the parties and subject matter of this action.

3. There has been a default by the defendant on her notes for which she remains obligated.

4. Defendant is indebted to the United States in the total amount of:

   a. [a] $3,049.92 plus interest accrued from the default to 03/03/14, in the sum of $5,845.79 for claim number one; [b] $2,803.93 plus interest accrued from the default to 03/03/14, in the sum of $4,489.17 for claim number two; [c] plus costs of $459.00; [d] plus attorney's fees of $5,232.97 for a total amount of $21,880.78 plus interest from March 3, 2014, at the rate of $0.30 per day for claim number one and $0.26 per day for claim number two to date of entry of judgment. Judgment to accrue interest at the legal rate until paid.

5. Pursuant to P.L. 102-26, the Higher Education Technical Amendments of 1991, the debt sued upon herein was sued within the applicable statute of limitations.

//
//
//
//
//
//

6. Any Conclusion of Law deemed to be a Finding of Fact is hereby incorporated into these Findings of Fact.

7. There remain no genuine issues of material fact.

8. Plaintiff's Motion for Summary Judgment is granted.

DATED: March 6, 2014

The Honorable Manuel L. Real
United States District Judge

================================================================

PRESENTED BY:

GOLDSMITH & HULL, A P.C.

By:
William I. Goldsmith
Attorneys for Plaintiff

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSION OF LAW
- 5